**UNITED FENCE & GUARD RAIL CORP., Plaintiff,**

v.

**ROYAL GUARD FENCE CO., INC., Ralph Guercia, John Guercia, Carlo Guercia, Robert Pannella, Typhoon Fence of Long Island, Inc., Benito Fernandez and Robert McCreight, Defendants.**

No. CV 90–0907.

United States District Court, E.D. New York.

June 18, 1991.

Hayes & Hayes by Harry R. Hayes, Albany, N.Y., for plaintiff.

Semon & Mondshein by Lee Mondshein, Woodbury, N.Y., for defendant Royal Guard.

Jaspan, Ginsberg, Ehrlich, Schlesinger & Hoffman by Stanley A. Camhi, Garden City, N.Y., for defendant Typhoon Fence.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

The above-referenced action was brought by plaintiff United Fence & Guard Rail Corporation ("United Fence") against Royal Guard Fence Company ("Royal Guard") and Typhoon Fence of Long Island ("Typhoon"), as well as certain of their employees, for damages and injunctive relief pursuant to the Racketeering Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964. Currently before the Court is defendant's motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Court has directed the parties, and given the requisite notice, that it will treat defen-

dant's motion as one for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. After a brief statement of the background facts, the Court will turn to address the pertinent issues of this case for summary judgment purposes.

## BACKGROUND

For approximately the past twenty-five years, plaintiff has been in the business of manufacturing, selling and installing bridge and guiderail fences and signs, pursuant to public highway contracts in New York State. It is to be noted that plaintiff performed the bulk of these contracts in Nassau and Suffolk counties. Defendants are engaged in essentially the same line of work and like plaintiff, operate primarily in the Nassau and Suffolk county areas. At the center of this controversy is a certification that defendant Typhoon acquired from the State of New York in November of 1981, qualifying it as an eligible Disadvantaged/Minority Business Enterprise ("DMBE") for purposes of the New York Department of Transportation's ("NY-DOT") Disadvantaged/Minority/Women Business Enterprise Program ("DMW"). The goal of the program is to enable minority-owned business enterprises to secure NYDOT subcontract work for construction projects in New York State. Since 1981, defendant Typhoon has remained certified as a DMBE, and consequently has obtained millions of dollars in NYDOT subcontracts.

The complaint in this action alleges that defendants, by means of mail and wire fraud, secured twenty-nine NYDOT contracts by holding defendant Typhoon out as a legitimate DMBE, when in fact it should not have been so classified. The complaint alleges further that defendant Typhoon was a "front" DMBE for defendant Royal Guard, which, although a non-DMBE, actually controlled the business operations of Typhoon with regard to the NYDOT contracts.[1]

Plaintiff, a non-DMBE company, alleges that the twenty-nine subcontracts which went to Typhoon Fence by virtue of its DMBE status enabled defendants to gain a substantial edge over plaintiff, causing a decline in plaintiff's overall market share of the industry. This alleged scheme forms the basis for plaintiff's RICO action. On the other hand, defendants argue that they are not in violation of RICO, that they have lawfully obtained NYDOT subcontracts on the basis of their DMBE status, and, that even if a RICO violation does exist, plaintiff has suffered no injury as a result of it.

## DISCUSSION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a party is entitled to summary judgment when it is shown that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In *Celotex*, the Supreme Court noted that "[t]he plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *See* 477 U.S. at 322, 106 S.Ct. at 2552. The Court further reasoned that in such a situation, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Id.* at 323–24, 106 S.Ct. at 2552. With these principles in mind, the Court turns to address the motion at bar.

For purposes of establishing a private RICO action under section 1962(c), a plaintiff must allege that the defendant: (1) was employed by or associated with (2) an enterprise engaged in, or the activities of which affected, interstate or foreign com-

---

**1.** It is to be noted that, in spite of New York State's apparent knowledge of plaintiff's allegations regarding the fraud of Typhoon's DMBE classification, the State has taken no steps to declassify Typhoon.

merce, and (3) that the person conducted or participated in the conduct of the enterprise's affairs (4) through a pattern of racketeering activity through the commission of two or more predicate acts. 18 U.S.C. § 1962(a)-(c); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed. 2d 346 (1984); *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir.1983), *cert. denied*, 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984). Moreover, "the plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property *by the conduct constituting the violation.*" *Sedima*, 473 U.S. at 496, 105 S.Ct. at 3285 (emphasis added). The Second Circuit has pointed out that this final requirement is composed of three essential elements: (1) that the injury be to the plaintiff's business or property; (2) that there is a causal connection between the prohibited conduct and the plaintiff's proprietary injury; and (3) that the conduct that caused the injury was a violation of section 1962. *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 23 (2d Cir.1990) (citation omitted); *see also Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1100 (2d Cir.1988), *cert. denied*, 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989); *Sperber v. Boesky*, 849 F.2d 60, 64 (2d Cir.1988).

Applying those elements to the instant case, it is the Court's view that the relevant inquiry must focus upon whether plaintiff has sufficiently established the existence of an injury caused by reason of defendant's conduct, i.e., proximate cause. *See Hecht*, 897 F.2d at 23 (citations omitted); *Sperber*, 849 F.2d at 64. Thus, in order to satisfy the first element, (that there be an injury to plaintiff's business or property), plaintiff must show a proprietary type of damage. Plaintiff argues that the injury suffered by it was a "fall off in its market share of NYDOT subcontract work" as a result of defendant's scheme to usurp subcontract work that, but for the defendant's alleged fraudulent certification, would have otherwise gone to a different contractor. However, assuming that plaintiff's injury was caused by some affirmative act of defendants, for plaintiff to satisfy the Second

Circuit's requirements for the remaining two elements, it must establish that a causal link exists between its "market fall off" and defendants' alleged RICO violation. *See Hecht*, 897 F.2d at 23; *Sperber*, 849 F.2d at 64. For the reasons stated below, plaintiff's failure to show this causality compels the Court to grant summary judgment in defendants' favor.

■ It is not enough that plaintiff merely establish the existence of an injury to its business and a coincidental RICO violation by a competitor. As the Second Circuit has reasoned with respect to RICO claims, " '[t]he phrase "by reason of" requires that there be a causal connection between the prohibited conduct and plaintiff's injury.' " *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1311 (2d Cir.1990) (quoting *Norman v. Niagara Mohawk Power Co.*, 873 F.2d 634, 636 (2d Cir.1989)). Clearly, the operative term in this requirement is causation, linking defendants' alleged RICO violation to plaintiff's decline in market share. Plaintiff has failed to meet this requirement for two reasons, and as to this point there is no genuine issue of material fact. *See* Fed.R.Civ.P. 56(c).

■ First, as plaintiff's RICO claim is predicated on alleged acts of mail and wire fraud, plaintiff must demonstrate a loss of money or property as a consequence of the commission of these acts. *See e.g. Philan Ins. Ltd. v. Frank B. Hall & Co.*, 748 F.Supp. 190, 195 (S.D.N.Y.1990) (citing *McNally v. United States*, 483 U.S. 350, 360, 107 S.Ct. 2875, 2881–82, 97 L.Ed.2d 292 (1987)). As the court in *Philan* noted, "[a] failure to set forth facts showing that plaintiffs had a property right in [the matter affected by the fraud] is a failure to allege RICO causation...." *Id.* at 196. Thus, defendants appropriately point out that in order to establish a right of recovery on the basis of a mail or wire fraud, plaintiff must have a property right or interest in the monies allegedly diverted to defendants.

■ However, as plaintiff necessarily concedes, the scheme, assuming one existed, was designed to defraud the State and

the NYDOT, and was not intended to defraud plaintiff. Plaintiff must therefore show causation by drawing a nexus between the damages caused by defendants' alleged RICO violation, i.e., mail fraud, and the loss of subcontract work which plaintiff would not have suffered but for the RICO violation. However, defendants persuasively argue that the work obtained by Typhoon, as a DMBE, was work that plaintiff was ineligible to receive in any event, since the work was offered only to qualified DMBE's, and plaintiff was not so qualified. Therefore, the fact that defendants' alleged mail fraud may have enabled them to obtain subcontracts available only to eligible DMBE's completely belies plaintiff's argument that it was directly injured by those acts. *See Hecht*, 897 F.2d at 23.

In addition, plaintiff urges this Court to liberally construe the injury requirements for mail and wire fraud, stressing that any proximate injury caused by such fraud would satisfy the damage requirement of RICO. However, what courts consistently require, and what plaintiff has failed to establish, is that the damages, whether direct or indirect, must be proximately caused by the alleged fraud. *See Sperber*, 849 F.2d at 64; *see also Sedima*, 473 U.S. at 496, 105 S.Ct. at 3285; *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1311 (2d Cir.1990) (citations omitted). Even accepting plaintiff's liberal construction of the damage requirement, the mere coincidental drop in plaintiff's market share, absent any showing that it was the result of defendants' alleged mail fraud, is by itself insufficient to support proof of causation under RICO. *Hecht*, 897 F.2d at 23. As to the absence of a showing of this material element of causality, plaintiff has failed to raise a genuine issue of fact. Fed.R.Civ.P. 56(c). Accordingly, defendants' motion for summary judgment must be granted. *See Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

To find plaintiff's showing of proximate cause sufficient, in light of what plaintiff has presented to this Court, would be to condone an unwarranted abuse of the private RICO cause of action. Finally, since the Court finds that summary judgment is appropriately granted on the basis described above, it need not address the issues potentially raised by the remaining elements of a RICO action. *See Sedima*, 473 U.S. at 496, 105 S.Ct. at 3285.

## CONCLUSION

For the reasons stated above, defendants' motion for summary judgment, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, is granted. The Clerk of the Court is directed to enter judgment for defendants and close the file in this case.

SO ORDERED.